# Exhibit A

**Edward Capozzi, Esq. – 042602004**
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiff

| ROBERT PEZZOLLA;<br><br>Plaintiff,<br><br>vs.<br><br>DAVID SANDERS; A & S SERVICES GROUP, LLC; JOHN DOE 1-5 (fictitious designations); XYZ CORPORATION 1-10 (fictitious designations);<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-6298-17<br><br>Civil Action<br><br>**COMPLAINT; CERT. PURSUANT TO R. 4:5-1; DEMAND FOR JURY TRIAL; DESIGN. OF TRIAL COUNSEL; STATEMENT OF DAMAGES PURSUANT TO R. 4:5-2** |
|---|---|

The plaintiff, Robert Pezzolla, by and through his counsel, Brach Eichler LLC, for his Complaint against the defendants, states as follows:

**PARTIES**

1. At all times material hereto, plaintiff, Robert Pezzolla, was a resident of the State of New Jersey residing at 300 Winston Drive, Apt. 1806, Cliffside Park, Bergen County, New Jersey, 07010.

2. At all times material hereto, defendant, David Sanders, was a resident of the State of Pennsylvania residing at 7 Oriole Circle, Felton, Pennsylvania, 17322.

3. At all times material hereto, defendant, A&S Services Group, LLC, was an entity conducting business in the State of New Jersey with a principal place of business at 310 North Zarfoss Drive, York, Pennsylvania, 17404.

4. At all times material hereto, defendants, John Doe 1-5, were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said defendants being presently unknown. Said defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the plaintiffs. The plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as John Doe 1-5.

5. At all times material hereto, defendants, XYZ Corporation 1-10, were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown. Said defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the plaintiffs. The plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as XYZ Corporation 1-10.

6. All defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

**FACTS COMMON TO ALL COUNTS**

7. The plaintiff herein incorporates paragraphs 1 through 6 as though the same were set forth herein at length.

8. On or about November 16, 2016, plaintiff, Robert Pezzolla, was operating a motor vehicle traveling south on the New Jersey Turnpike at or around milepost 109.9 in Newark, New Jersey.

9. At the same time and place, defendant, David Sanders, was operating a commercial vehicle, owned by defendant, A & S Services Group, LLC, traveling south on the New Jersey Turnpike at or around milepost 109.9 in Newark, New Jersey.

10. At the aforementioned time and place, the defendants had a duty to maintain, control, and operate their motor vehicles in a safe and prudent manner so as to not create an unreasonable and foreseeable risk of injury to others.

**FIRST COUNT**

11. The plaintiff herein incorporates paragraphs 1 through 10 as though the same were set forth herein at length.

12. At the above time and place, the defendants, so carelessly, negligently and recklessly operated, maintained or repaired their vehicles so as to cause a collision with the plaintiff's vehicle.

13. At the same time and place, defendants, John Doe 1-5 (fictitious designations) and XYZ Corporation 1-10 (fictitious designations), and any or all of the aforementioned defendants' agents, servants, and/or employees, so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause the within collision.

14. As a result of the individual, joint and/or several tortious conduct of the various defendants as set forth above, plaintiff, Robert Pezzolla, was caused to sustain multiple and severe injuries to his person.

15. As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has in the past and will in the future be obliged to receive and undergo medical attention and care and to

expend various sums of money and/or to incur various expenses for care and treatment of the injuries he has suffered, all to his great detriment and loss.

16. As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has sustained an impairment of his earning capacity and power, all to his great detriment and loss.

17. As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has in the past incurred and will in the future continue to incur other financial losses or expenses, all to his great detriment and loss.

18. As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has in the past suffered and will in the future continue to suffer great pain, suffering, agony, and mental anguish, all to his great detriment and loss.

19. As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has in the past and will in the future be hindered from attending to his daily duties, functions and occupation, all to his great detriment and loss.

**WHEREFORE,** plaintiff, Robert Pezzolla, demands judgment against the defendants individually, jointly, severally, and/or in the alternative, for damages, interest, attorney's fees, costs of suit, and such other relief as the Court may deem proper.

Respectfully submitted,

BRACH EICHLER, L.L.C.

BY: ______________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiffs

Dated: August 30, 2017

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues.

BRACH EICHLER, L.L.C.

BY: ______________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiffs

Dated: August 30, 2017

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *R.* 4:25-4, Edward P. Capozzi, Esquire, is hereby designated as trial counsel on behalf of plaintiff.

BRACH EICHLER, L.L.C.

BY: ______________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiffs

Dated: August 30, 2017

**CERTIFICATION PURSUANT TO R. 4:5-1**

I, Edward P. Capozzi, Esquire, hereby certify that the facts contained in the within matter are not subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief. If any of the statements made by me are willfully false, I am subject to punishment.

BRACH EICHLER, L.L.C.

BY: ______________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiffs

Dated: August 30, 2017

**STATEMENT OF DAMAGES CLAIMED PURSUANT TO R. 4:5-2**

Plaintiff requests damages in the amount of $3,000,000.00 (Three-Million Dollars) with regard to the above-captioned case.

BRACH EICHLER, L.L.C.

BY: ______________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: August 30, 2017

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Edward P. Capozzi, Esq. | | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Brach Eichler, LLC | L-6298-17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 101 Eisenhower Parkway<br>Roseland, NJ 07068 | Complaint |
| | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Robert Pezzolla | Robert Pezzolla vs. David Sanders, et. al. |

CASE TYPE NUMBER (See reverse side for listing): 603N

HURRICANE SANDY RELATED? ☐ YES ■ NO

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ■ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO

IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☐ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED? ☐ YES ☑ NO

IF YES, FOR WHAT LANGUAGE?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:

Side 2



# CIVIL CASE INFORMATION STATEMENT
# (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA
624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category ☐ Putative Class Action ☐ Title 59

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK NJ 07102

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS 8:30 AM - 4:30 PM

TRACK ASSIGNMENT NOTICE

DATE: SEPTEMBER 01, 2017
RE: PEZZOLLA VS SANDERS
DOCKET: ESX L -006298 17

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON KEITH E. LYNOTT

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 002 AT: (973) 776-9300.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING. PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: EDWARD P. CAPOZZI
BRACH EICHLER LLC
101 EISENHOWER PARKWAY
ROSELAND NJ 07068-1032

JUGHAMS