## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ROBERT PEZZOLLA,

                *Plaintiff,*

v.

DAVID SANDERS, A&S SERVICES GROUP, L.L.C., GSH ENTERPRISES, INC., et als.

                *Defendants.*

CIVIL ACTION NO. 2:17-cv-09035-CCC-MF

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; DESIGNATION OF TRIAL COUNSEL**

The plaintiff, Robert Pezzolla, by and through his counsel, Brach Eichler LLC, for his Complaint against the defendants, states as follows:

### PARTIES

1.    At all times material hereto, plaintiff, Robert Pezzolla, was a resident of the State of New Jersey residing at 300 Winston Drive, Apt. 1806, Cliffside Park, Bergen County, New Jersey, 07010.

2.    At all times material hereto, defendant, David Sanders, was a resident of the State of Pennsylvania residing at 7 Oriole Circle, Felton, Pennsylvania, 17322.

3.    At all times material hereto, defendant, A&S Services Group, LLC, was an entity conducting business in the State of New Jersey with a principal place of business at 310 North Zarfoss Drive, York, Pennsylvania, 17404.

4.    At all times material hereto, defendant, GSH Enterprises, Inc., was an entity conduting business in the State of New Jersey with a principal place of business at 3389 Lower Glades Road in York, Pennsylvania, 17406.

5.     At all times material hereto, defendants, John Doe 1-5, were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said defendants being presently unknown. Said defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the plaintiffs.  The plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as John Doe 1-5.

6.     At all times material hereto, defendants, XYZ Corporation 1-10, were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown.  Said defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the plaintiffs.  The plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as XYZ Corporation 1-10.

7.     All defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

## FACTS COMMON TO ALL COUNTS

8.     The plaintiff herein incorporates paragraphs 1 through 7 as though the same were set forth herein at length.

9.     On or about November 16, 2016, plaintiff, Robert Pezzolla, was operating a motor vehicle traveling south on the New Jersey Turnpike at or around milepost 109.9 in Newark, New Jersey.

10.    At the same time and place, defendant, David Sanders, was operating a commercial vehicle in the course of his employee with GSH Enterprises, Inc. and/or A & S Services Group, LLC,

and owned by defendant, GSH Enterprises, Inc. and/or A & S Services Group, LLC, traveling south on the New Jersey Turnpike at or around milepost 109.9 in Newark, New Jersey.

11.     At the aforementioned time and place, the defendants had a duty to maintain, control, and operate their motor vehicles in a safe and prudent manner so as to not create an unreasonable and foreseeable risk of injury to others.

## FIRST COUNT – (NEGLIGENCE)

12.     The plaintiff herein incorporates paragraphs 1 through 11 as though the same were set forth herein at length.

13.     At the above time and place, the defendants, GSH Enterprises, Inc. and/or A & S Services Group, LLC, so carelessly, negligently and recklessly operated, maintained or repaired their vehicles so as to cause a collision with the plaintiff's vehicle.

14.     At the same time and place, defendants, John Doe 1-5 (fictitious designations) and XYZ Corporation 1-10 (fictitious designations), and any or all of the aforementioned defendants' agents, servants, and/or employees, so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause the within collision.

15.     As a result of the individual, joint and/or several tortious conduct of the various defendants as set forth above, plaintiff, Robert Pezzolla, was caused to sustain multiple and severe injuries to his person.

16.     As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has in the past and will in the future be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for care and treatment of the injuries he has suffered, all to his great detriment and loss.

17.     As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has sustained an impairment of his earning capacity and power, all to his great detriment and loss.

18.     As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has in the past incurred and will in the future continue to incur other financial losses or expenses, all to his great detriment and loss.

19.     As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has in the past suffered and will in the future continue to suffer great pain, suffering, agony, and mental anguish, all to his great detriment and loss.

20.     As a further result of the individual, joint and/or several tortious conduct of the various defendants as set forth above and by reason of the injuries sustained, plaintiff, Robert Pezzolla, has in the past and will in the future be hindered from attending to his daily duties, functions and occupation, all to his great detriment and loss.

**WHEREFORE**, plaintiff, Robert Pezzolla, demands judgment against the defendants individually, jointly, severally, and/or in the alternative, for damages, interest, attorney's fees, costs of suit, and such other relief as the Court may deem proper.

## SECOND COUNT

## AGAINST GSH ENTERPRISES, INC.

## NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

21.     The plaintiff herein incorporates paragraphs 1 through 20 as though the same were set forth herein at length.

22.     In order to maintain compliance with Federal Motor Carrier Safety Administration regulations, the State of New Jersey has adopted the Federal Motor Carrier Safety Regulations ("FMCSR") under N.J.A.C. 13:60 for intrastate commercial motor vehicles 10,001 pounds and greater.

23.     In order to maintain compliance with Federal Motor Carrier Safety Administration regulations, the State of Pennsylvania has adopted certain portion of the Federal Motor Carrier Safety Regulations ("FMCSR") for intrastate commercial motor vehicles 10,001 pounds and greater; particularly adopted: 49 CFR Part 382 (controlled substances and alcohol use and testing), Part 385 (safety Hitness procedures), Part 390 (FMCSRs: general), Part 391 (qualification of drivers), Part 392 (driving of commercial vehicle), Part 393 (parts and accessories for safe operation), Part 395 (hours of service of drivers), and Part 396 (inspection, repair and maintenance)

24.     As a motor carrier, defendant, GSH, has a duty to take steps to prevent injury to the driving public by determining the competency of its drivers to operate a commercial vehicle. See Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc., 423 U.S. 28, 46 (1975.) AS such, GSH, exposes itself to liability for negligent hiring whenever it employs a driver who identifies past motor vehicle violations in his application for employment or whose violations are identified in the driver's moving violations report obtained from a State agency.

25.     At the above time and place, defendant GSH was an intrastate and/or interstate motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in intrastate and/or interstate commerce. Therefore, defendant, GSH, was subject to the Federal Motor Carrier Safety Regulations under either 49 CFR 350-399, N.J.A.C. 13:60, and/or Chapter 231 of Pennsylvania Code.

26.     As a motor carrier, defendant, GSH, had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, Pennsylvania and New Jersey Regulations, and industry standards, including the duty to (1) properly qualify, obtain background information and properly screen

defendant, David Sanders, prior to his hiring under 49 C.F.R. §§ 383.51 and (a), 391.11, 391.21, 391.23, 391.27, 391.51, 391.53, and the applicable provisions of N.J.A.C. 13:60, and/or Chapter 231 of Pennsylvania Code, and (2) preserve records concerning defendant, David Sanders, under 49 C.F.R. 379.

27.     As a motor carrier, defendant, GSH, had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, Pennsylvania and New Jersey Regulations, and industry standards, including the duty to properly train defendant, David Sanders, supervise the hours of service of defendant, David Sanders, conduct periodic background checks thereafter his hiring to ensure drivers have and maintain a safe driving record, and the duty to otherwise implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

28.     Defendant, David Sanders, was issued a Commercial Driver's License ("CDL") on July 7, 2015.  Prior thereto, defendant, David Sanders, had his previous CDL revoked.

29.     Defendant, David Sanders, began employ with GSH and/or A&S and/or A&S Kincaid and/or Celdon Corporation on December 28, 2015.

30.     In 2017, Defendant, David Sanders, received a speeding ticket. Points were assessed to Mr. Sanders.

31.     In 2016, Defendant, David Sanders, was involved in a vehicle collision in Washington D.C., for which he received a moving violation citation issued by the United States Park Police. Points were assessed to Mr. Sanders.

32.     On November 16, 2016, Defendant, David Sanders, was involved in a vehicle collision in Newark, New Jersey.

33.     On October 24, 2015, Defendant, David Sanders, was involved in a rear-end collision in West Hempfield Township, Lancaster, Pennsylvania, for which he received a moving violation. Points

were assessed to Mr. Sanders.

34.     In 2013, Defendant, David Sanders, received a warning with respect to a traffic control device in Trenton, Florida.

35.     On July 25, 2012, Defendant, David Sanders, was involved in an accident while making a delivery in Maryland. This accident resulted in injuries.

36.     Defendant, GSH, breached its duty of care owed to plaintiff, Robert Pezzolla, and was negligent, careless, and/or reckless in hiring, retaining, training, and/or supervising defendant, David Sanders, in the following particulars:

      a.      Failing to exercise reasonable care in selecting defendant, David Sanders, to operate a commercial motor vehicle;

      b.      Failing to implement an adequate program or policy to conduct background checks and failure to perform background checks before engaging drivers such as defendant, David Sanders, and periodic background checks thereafter to ensure drivers have and maintain a safe driving record;

      c.      Failing to implement an adequate program or policy to properly instruct and train drivers such as defendant, David Sanders, and failure to instruct and train defendant, David Sanders, in the proper operation of commercial vehicles to ensure drivers can operate commercial vehicles safely and properly;

      d.      Failing to implement an adequate program or policy to properly instruct and train and failure to properly instruct and train drivers such as defendant, David Sanders, on all applicable Federal, State and Local rules, codes, regulations, and laws governing the operation of commercial motor vehicles to ensure he could operate the commercial motor vehicle safely and properly;

      e.      Failing to implement an adequate program or policy to properly instruct and train and failure to properly instruct and train drivers such as defendant, David Sanders, of the dangers of distracted driving to ensure drivers can operate commercial vehicles safely and properly;

      f.      Failing to implement an adequate program or policy to properly instruct and train and failure to properly instruct and train drivers such as defendant, David Sanders, on safe driving techniques and practices before and during employment to ensure drivers can operate commercial vehicles safely and properly;

g.    Failing to implement an adequate program or policy to enforce and reinforce existing program and/or policies and failure to properly enforce existing program and/or policies designed or intended to ensure drivers such as defendant, David Sanders, would operate commercial vehicles in a safe and proper manner;

h.    Failing to exercise reasonable care over the manner in which defendant, David Sanders, operated the commercial vehicle on November 16, 2016;

i.    Failing to implement and/or maintain an adequate program or policy to perform ongoing training and instruction of drivers such as defendant, David Sanders;

j.    Failing to properly enforce driver compliance with existing policies and procedures to ensure safety while operating commercial vehicles;

k.    Providing drivers with improper or ambiguous policies, procedures, and regulations regarding the operating of commercial motor vehicle;

l.    Failing to perform follow up to determine whether the policies, procedures, and regulations provided to operators were effective;

m.    Failing to enforce drive compliance with the existing policies, procedure, and regulations regarding the operating of commercial motor vehicles;

n.    Failing to retain and maintain information and records related to defendant, David Sanders, and the vehicle he was operating at the time of the accident described herein; and

o.    Allowing their drivers including, but not limited to, defendant, David Sanders, to operate their tractor trailer in an unsafe manner without reprimand or further retaining.

37.    At all times relevant hereto defendant, GSH, knew or had reason to know that hiring, retaining, failing to train, and/or supervise defendant, David Sanders, as described above, was dangerous and hazardous to other drivers and users of the public roadways.

38.    Defendant, GSH, knew or had reason to know that hiring, retaining, failing to train, and/or supervise defendant, David Sanders, as described above, was likely to create a high risk of danger or harm to other drivers and users of the public roadways.

39.    Despite their knowledge that hiring, retaining, failing to train, and/or supervise defendant,

- 8 -

David Sanders, as described above, was likely to create a high risk of danger or harm to other drivers and users of the public roadways, defendant, GSH, proceeded to allow defendant, David Sanders, to operate their tractor trailer in conscious disregard of, or indifference to, those risks.

40.     The actions of defendant, in hiring, retaining , failing to train and/or supervise defendant, David Sanders, and allowing David Sanders, to operate their tractor trailer, as described above, was done maliciously, wantonly, willfully, and/or in reckless indifference to the interests of others, including plaintiff, Robert Pezzolla.

**WHEREFORE**, plaintiff, Robert Pezzolla, demands judgment against the defendants individually, jointly, severally, and/or in the alternative, for damages, interest, attorney's fees, costs of suit, and punitive damages and such other relief as the Court may deem proper.

### THIRD COUNT

### AGAINST A&S SERVICES, LLC

### NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

41.     The plaintiff herein incorporates paragraphs 1 through 40 as though the same were set forth herein at length.

42.     In order to maintain compliance with Federal Motor Carrier Safety Administration regulations, the State of New Jersey has adopted the Federal Motor Carrier Safety Regulations ("FMCSR") under N.J.A.C. 13:60 for intrastate commercial motor vehicles 10,001 pounds and greater.

43.     In order to maintain compliance with Federal Motor Carrier Safety Administration regulations, the State of Pennsylvania has adopted certain portion of the Federal Motor Carrier Safety Regulations ("FMCSR") for intrastate commercial motor vehicles 10,001 pounds and greater; particularly adopted: 49 CFR Part 382 (controlled substances and alcohol use and testing), Part 385 (safety Hitness procedures), Part 390 (FMCSRs: general), Part 391 (qualification of drivers), Part 392

(driving of commercial vehicle), Part 393 (parts and accessories for safe operation), Part 395 (hours of service of drivers), and Part 396 (inspection, repair and maintenance)

44.     A&S Services Group, L.L.C. is a wholly owned subsidiary of Celadon Trucking Services, Inc., which is a wholly owned subsidiary of Celadon Group, Inc.

45.     As a motor carrier/broker, defendant, A&S, has a duty to take steps to prevent injury to the driving public by determining the competency of its drivers to operate a commercial vehicle. See Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc., 423 U.S. 28, 46 (1975.) As such, A&S, exposes itself to liability for negligent hiring whenever it employs a driver who identifies past motor vehicle violations in his application for employment or whose violations are identified in the driver's moving violations report obtained from a State agency.

46.     At the above time and place, defendant, A&S, was an intrastate and/or interstate motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in intrastate and/or interstate commerce. Therefore, defendant, A&S, was subject to the Federal Motor Carrier Safety Regulations under either 49 CFR 350-399, N.J.A.C. 13:60, and/or Chapter 231 of Pennsylvania Code.

47.     As a motor carrier, defendant, A&S, had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, Pennsylvania and New Jersey Regulations, and industry standards, including the duty to (1) properly qualify, obtain background information and properly screen defendant, David Sanders, prior to his hiring under 49 C.F.R.  §§ 383.51 and (a), 391.11, 391.21, 391.23, 391.27, 391.51, 391.53, and the applicable provisions of N.J.A.C. 13:60, and/or Chapter 231 of Pennsylvania Code, and (2) preserve records concerning defendant, David Sanders, under 49 C.F.R. 379.

48.     As a motor carrier, defendant, A&S, had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, Pennsylvania and New Jersey Regulations, and industry

standards, including the duty to properly train defendant, David Sanders, supervise the hours of service of defendant, David Sanders, conduct periodic background checks thereafter his hiring to ensure drivers have and maintain a safe driving record, and the duty to otherwise implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

49.     For the 24 month period prior to June 13, 2018, Defendant, A&S, was involved in 115 reportable collisions, of which four (4) were fatal and thirty-nine (39) resulted in injuries.

50.     Defendant, David Sanders, was issued a Commercial Driver's License ("CDL") on July 7, 2015.  Prior thereto, defendant, David Sanders, had his previous CDL revoked.

51.     Defendant, David Sanders, began employ with GSH and/or A&S and/or A&S Kincaid and/or Celdon Corporation on December 28, 2015.

52.     In 2017, Defendant, David Sanders, received a speeding ticket. Points were assessed to Mr. Sanders.

53.     In 2016, Defendant, David Sanders, was involved in a vehicle collision in Washington D.C., for which he received a moving violation citation issued by the United States Park Police. Points were assessed to Mr. Sanders.

54.     On November 16, 2016, Defendant, David Sanders, was involved in a vehicle collision in Newark, New Jersey.

55.     On October 24, 2015, Defendant, David Sanders, was involved in a rear-end collision in West Hempfield Township, Lancaster, Pennsylvania, for which he received a moving violation. Points were assessed to Mr. Sanders.

56.     In 2013, Defendant, David Sanders, received a warning with respect to a traffic control device in Trenton, Florida.

57.     On July 25, 2012, Defendant, David Sanders, was involved in an accident while making a

delivery in Maryland. This accident resulted in injuries.

58.     Defendant, A&S, breached its duty of care owed to plaintiff, Robert Pezzolla, and was negligent, careless, and/or reckless in hiring, retaining, training, and/or supervising defendant, David Sanders, in the following particulars:

a.      Failing to exercise reasonable care in selecting defendant, David Sanders, to operate a commercial motor vehicle;

b.      Failing to implement an adequate program or policy to conduct background checks and failure to perform background checks before engaging drivers such as defendant, David Sanders, and periodic background checks thereafter to ensure drivers have and maintain a safe driving record;

c.      Failing to implement an adequate program or policy to properly instruct and train drivers such as defendant, David Sanders, and failure to instruct and train defendant, David Sanders, in the proper operation of commercial vehicles to ensure drivers can operate commercial vehicles safely and properly;

d.      Failing to implement an adequate program or policy to properly instruct and train and failure to properly instruct and train drivers such as defendant, David Sanders, on all applicable Federal, State and Local rules, codes, regulations, and laws governing the operation of commercial motor vehicles to ensure he could operate the commercial motor vehicle safely and properly;

e.      Failing to implement an adequate program or policy to properly instruct and train and failure to properly instruct and train drivers such as defendant, David Sanders, of the dangers of distracted driving to ensure drivers can operate commercial vehicles safely and properly;

f.      Failing to implement an adequate program or policy to properly instruct and train and failure to properly instruct and train drivers such as defendant, David Sanders, on safe driving techniques and practices before and during employment to ensure drivers can operate commercial vehicles safely and properly;

g.      Failing to implement an adequate program or policy to enforce and reinforce existing program and/or policies and failure to properly enforce existing program and/or policies designed or intended to ensure drivers such as defendant, David Sanders, would operate commercial vehicles in a safe and proper manner;

h.      Failing to exercise reasonable care over the manner in which defendant, David Sanders, operated the commercial vehicle on November 16, 2016;

- 12 -

i.   Failing to implement and/or maintain an adequate program or policy to perform ongoing training and instruction of drivers such as defendant, David Sanders;

j.   Failing to properly enforce driver compliance with existing policies and procedures to ensure safety while operating commercial vehicles;

k.   Providing drivers with improper or ambiguous policies, procedures, and regulations regarding the operating of commercial motor vehicle;

l.   Failing to perform follow up to determine whether the policies, procedures, and regulations provided to operators were effective;

m.   Failing to enforce drive compliance with the existing policies, procedure, and regulations regarding the operating of commercial motor vehicles;

n.   Failing to retain and maintain information and records related to defendant, David Sanders, and the vehicle he was operating at the time of the accident described herein; and

o.   Allowing their drivers including, but not limited to, defendant, David Sanders, to operate their tractor trailer in an unsafe manner without reprimand or further retaining.

59.   At all times relevant hereto defendant, A&S, knew or had reason to know that hiring, retaining, failing to train, and/or supervise defendant, David Sanders, as described above, was dangerous and hazardous to other drivers and users of the public roadways.

60.   Defendant, A&S, knew or had reason to know that hiring, retaining, failing to train, and/or supervise defendant, David Sanders, as described above, was likely to create a high risk of danger or harm to other drivers and users of the public roadways.

61.   Despite their knowledge that hiring, retaining, failing to train, and/or supervise defendant, David Sanders, as described above, was likely to create a high risk of danger or harm to other drivers and users of the public roadways, defendant, A&S, proceeded to allow defendant, David Sanders, to operate their tractor trailer in conscious disregard of, or indifference to, those risks.

62.   The actions of defendant, in hiring, retaining , failing to train and/or supervise defendant,

- 13 -

David Sanders, and allowing David Sanders, to operate their tractor trailer, as described above, was done maliciously, wantonly, willfully, and/or in reckless indifference to the interests of others, including plaintiff, Robert Pezzolla.

**WHEREFORE**, plaintiff, Robert Pezzolla, demands judgment against the defendants individually, jointly, severally, and/or in the alternative, for damages, interest, attorney's fees, costs of suit, and punitive damages and such other relief as the Court may deem proper.

**BRACH EICHLER, L.L.C.**

BY: _____
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: June 14, 2018

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues.

**BRACH EICHLER, L.L.C.**

BY: _____
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: June 14, 2018

## DESIGNATION OF TRIAL COUNSEL

Edward P. Capozzi, Esquire, is hereby designated as trial counsel on behalf of plaintiff.

**BRACH EICHLER, L.L.C.**

BY:  _____

EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: June 14, 2018

## STATEMENT OF DAMAGES

Plaintiff requests damages in the amount of $3,000,000.00 (Three-Million Dollars) with respect to the above-captioned case.

**BRACH EICHLER, L.L.C.**

BY:  _____

EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: June 14, 2018

## **CERTIFICATION**

I, Edward P. Capozzi, Esquire, hereby certify that the facts contained in the within matter are not subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief. If any of the statements made by me are willfully false, I am subject to punishment.

**BRACH EICHLER, L.L.C.**

BY:  _____
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiffs

Dated: June 14, 2018

- 16 -